# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| STEVEN GOINS, | PETITIONER |
| V. | NO. 4:95CR100-GHD |
| UNITED STATES OF AMERICA, | RESPONDENT |

## MEMORANDUM OPINION

Presently before the court is Steven Goins', a *pro se* federal inmate, motion to reduce his sentence. The government has responded and the Petitioner replied. This matter is now ripe for resolution.

*A. Factual and Procedural Background*

On August 23, 1995, Petitioner was charged in a one-count indictment with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846. On October 26, 1995, a one-count superseding indictment was returned charging Goins and others with conspiracy. On June 17, 1996, Goins pled guilty to the superceding indictment pursuant to a plea agreement which placed a 30 year cap on his sentence.

The court accepted the plea agreement and a presentence report ("PSR") was prepared. The PSR attributed a total drug quantity of 6.55 kilograms of crack cocaine to Petitioner which indicated an offense level of 38. Two levels were added pursuant to USSG § 3B1.1(C) based on Goins' role as a leader of the drug conspiracy. Goins also received a three level reduction for acceptance of responsibility, yielding a total offense level of 37. Goins' criminal history category was determined to be a VI. With a offense level of 37 and a criminal history category of VI, the sentencing range was 360 months to life imprisonment.

On June 28, 1996, the court sentenced Goins to 360 months imprisonment. Although he qualified as a career offender, Goins was not sentenced as such because the quantity of drugs dictated a higher offense level than the guidelines. Judgement was entered and Goins did not pursue an appeal. He did, however, attack his sentence through a 2255 motion which was unsuccessful. *See*

*Goins v. United States of America*, 3:98cr63 (Feb. 4, 2000). Petitioner's request to file a successive 2255 motion was denied and affirmed on April 13, 2001. Since that time, Petitioner has launched several attacks of his conviction relying on various procedural methods. All of these attempts have been denied and affirmed by the Court of Appeals.

With his latest offensive, Petitioner is seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the Sentencing Guidelines. In a supplemental filing, Petitioner also asks that the court preserve any *Booker* issues. It should not go unnoticed that Petitioner has had more than "one bite at the apple," and this is merely a tactic to avoid the prohibition of filing a successive habeas petition. Nevertheless, the court will briefly address the merit, or lack thereof, of Petitioner's motion.

## B. Discussion

The court is permitted to modify a sentence previously imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." 18 U.S.C. § 3582(c)(2). It is under this language that Petitioner seeks relief.

In his motion, Goins first argues that according to the Supreme Court decision of *U.S. v. LaBonte*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), his maximum statutory sentence should have been 20 instead of 30 years. The *LaBonte* decision essentially laid to rest what is meant by the phrase "maximum term authorized" as it relates to cases involving career offenders under USSG § 4B1.1. The Court determined that the "maximum term" means the maximum prison term available for the offense of conviction including any applicable statutory sentencing enhancements. *LaBonte*, 520 at 757-58.

For any number of reasons, Goins' reliance on *LaBonte* is misplaced. First, *LaBonte* was decided subsequent to Goins' judgment of conviction. Secondly, Goins was not sentenced as a career offender. Rather, the amount of drugs involved placed Goins beyond the sentence called for in the career offender statute. Again, based on the amount of drugs, 6.55 kilograms, and the

applicable statute, 18 U.S.C. § 841(a), Goins was subject to the penalty provision of § 841(b)(1)(A) which provides for a term of imprisonment of 10 years to life.[1] Therefore, Goins' interpretation of the *LaBonte* holding and its application to his case is incorrect.

Lastly, Petitioner asks that the court leave open the possibility of applying the law as announced in *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). Since filing his motion, however, the application of *Booker* has been limited to cases pending on direct review or not yet final as of January 12, 2005. *Booker*, 125 S.Ct. at 769. The Fifth Circuit has also held *Booker* does not apply retroactively to cases on collateral review. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Petitioner's conviction was final long before the January 12, 2005, cutoff date, as the court entered judgment on September 5, 1996. Since Petitioner did not file a notice of appeal, his conviction and sentence became final on September 19, 1996.[2] As such, the instant case is not one to which *Booker* applies.

### C. Conclusion

Consistent with the foregoing discussion, Petitioner's motion for reduction of his sentence is denied.

A final judgement in accordance with this opinion will be entered.

THIS the 13th day of November, 2007.

/s/ Glen H. Davidson
Senior Judge

---

[1] In contrast to § 841(b)(1)(C) which provides a maximum term of 20 years imprisonment.

[2] Under Rule 4(b)(1)(A)(i) of Appellate Procedure, Petitioner had ten days from the entry of the judgment to file a notice of appeal.